IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAYMOND J. HINN,
    Plaintiff,

Vs.

Case No: 21-cv-433-jdp .

JURY TRIAL DEMANDED.

FITZPATRICK, HSU
ASSISTANT MANAGER, AND,
DOCTOR RIBAULT, MEDICAL
DOCTOR,
    Defendants.

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. § 1983.

PLEASE TAKE NOTICE, That the above-named Plaintiff, Mr. Raymond J. Hinn, ("Mr. Hinn"), by and through himself, pro se, and for a complaint against the defendant named herein as follows:

## I. NATURE OF THE CASE.

1.) Plaintiff, Mr. Hinn brings this claim under title 42 U.S.C. § 1983 alleging violations under his eihth amendment rights; violations of free of cruel and unusual punishment, that defendant's engaged in deliberate indifference when HSU Assistant Manager Fitzpatrick neglegected, and provided the wrong medical treatment for an infected spider bite, and when Dr. Ribault also allowed and engaged in providing said treatment, leaving Mr. Hinn in extreme and severe pain for at least seven days. Mr. Hinn had to endure this extreme severe pain for many days, and the prescibed medical treatment and creams that was provided was actually making the bite of the spider worse.

Wasn't until after seven days of crying of the pain, puss seeping out the wound, that it was so ineffected that one can fit his pinky finger into the wound up to his second knock. That when Mr. Hinn

-1-

after seven odd days later was actually seen by proper medical per-
fessional's a HSU Manager Buchanon and Nurse Block when these two
staff members seen the hole in Plaintiff's arm and the extreme in
fection that it was in they immediately began to drain and clean it.
which caused extreme pain, but Nurse Block stated it well hurt alot
because it was not treated properly for these two staff member's
had to squeeze out all the puss that they could in order to allow
the blood follow.

2.) HSU Manager Buchanon, and Nurse Block then asked who seen
Plaintiff and was any antibiotic's prescribed ? I stated **none**, that
Dr. Ribaut provided 'Prendisone'. Buchanon stated why ? That is not
for infections. That Plaintiff should have been on a Antibiotic for
infections. Mr. Hinn then stated the medical treatment that was
provided by Defendant's **Ribault**, and Fitzpatrick and was told to
"write it up, request for records and was given name of Mrs. Pafford
to obtain these records by Nurse April and Nurse Katie.

Mr. Hinn's eighth amendment rights was infact violated, and
defendant's Fitzpatrick and Dr. Ribault did infact engaged in delibe
-rate indifference in neglegence in the treatment they provided,
and also providing the wrong treatment and prescribing the wrong
medical treatment and care, medication(s). That a perfessional Nurse
knows that a infected spider bite needs antibiotic's not a steroid.
In which Mr. Hinn may now have permanent damage to his arm now beca
-use of the negeglected and wrong medical treatment.

## II.  JURISDICTION AND VENUE.

3.) Plaintiff brings this lawsuit pursuant to **42 U.S.C. § 1983**.
This Court has jurisdiction under **28 U.S.C. §§ 1331**, and **1343**, also
**1367**, Where applicable; Plaintiff also seeks a declaratory judgment
pursuant to **28 U.S.C. § 2201**.

## III.  VENUE.

4.) The Western District Court of Wisconsin is an appropriate venue
under **28 U.S.C. § 1391(b)(2)**, because a substantial part of the
events or omissions giving rise to the claim occurred at the Columbia

Correctional. Institution., In Portage, Wisconsin, Columbia County.

## IV.   PARTIES.

5.) Plaintiff, Mr. Raymond J. Hinn, was at all times relevant to this action a prisoner at the Columbia. Correctional. Institution, ("C.C.I."), which is located in the Western District of Wisconsin.

6.) Defendant, Fitzpatrick, who was at all times relevant to this action the HSU Assistant Manager at the Columbia Corr. Inst. ('CCI'), and was acting under the color of state and federal law. By rule is responsible for ensuring the medical needs of inmates day-to-day operational needs are met, along with executing it's policies concerning medical treatment(s).

7.) Defendant, Dr. Ribault, Who was at all times relevant to this action the Medical Doctor at C.C.I., and was acting under the color of State and Federal Law. By rule this doctor is responsible for ens-uring the medical needs of inmates day-to-day operational needs are met, and ensuring that proper treatment and care is given, along with executing it's policies concerning medical treatment(s).

## V.   EXHAUSTION OF ADMINISTRATIVE REMEDIES.

8.) Plaintiff, Mr. Hinn has attempted to exhauste his administrati-ve remedies; But, CCI's Inmate Complaint Examiner would not accept receipt of Inmate Complaint. [CCI-2020-18191   ], and as such Mr. Hinn had attempted to exhaust his administrative remedies but ICRS Staff would not allow him to do so. Therefore, according to law it is considered exhausted herein, [See also; CCI-2020-16772, and 18192].

## VI.   FACTUAL ALLEGATIONS.

9.) On September 9th, 2020, Mr. Hinn awoke and noticed that his right elbow area noticed it itching and it being red, upon examining further he noticed the entire area being red, and swelling up, once Mr. Hinn began to examine further it began hurting and so Mr. Hinn Confined at CCI, Unit 4, cell 1. He immediately informed CO. Jahnke

of being bitten by a spider, and upon CO. Jahnke observing the bite mark, the redness, and it being to swell. CO. Jahnke he immediately called HSU and informed HSU of the severity of the bite. Mr. Hinn was then told to report to HSU immediatly, which Plaintiff did.

**10.)** Upon arriving at HSU Plaintiff was seen by Defendant Pitzpatrick, and upon him examining the spider bite, he stated: **'It looks irritated'**, Plaintiff then informed him of the pain he is feeling like it's infected. Mr. Hinn stated to Defendant Fitzpatrick that he has been through this before and needs to be placed on a antibiot -ic's.

**11.)** Defendant Fitzpatrick stated that he is going to prescribe Plaintiff with a Hydrocortison Cream USP 1% Order # 745215485 per. Dr. Ribault and HSU Assistant Manager Fitzpatrick; Defendant Fitz-Patrick directed Mr. Hinn to the following:

* **DIRECTIONS:** 1 Application topically 4 times a day for 3 days. , and along with,
  75 mg. Benadryl 4 times daily for one day.

**12.)** Mr. Hinn applied the cream as directed begginning on September 11th, 2020, When the medication was dispensed. It immediately began to burn and cause Mr. Hinn pain. Plaintiff could not sleep, eat beca -use of the the pain was very unbearable. The swelling increased dramatically as well in which his arm was at the very least three times the size of his arm.

**13.)** On September 12th, 2020, Mr. Hinn was in the CCI living unit dayroom unit 4, waiting to speak to the Unit Sgt. Lohman-Peterson. When the Unit Manager McMartin had noticed Mr. Hinn's arm and how bad it was swelling and with it being red, with Hinn's arm being three times the normal size. Mr. Hinn informed Ms. McMartin of the extreme pain that he was in, Ms. McMartin immediately called HSU (**'Health Services Unit**), and informed Defendant's Fitzpatrick and Ribault that Mr. Hinn needed to be seen immediately. Ms. McMartin then sent Mr. Hinn to HSU.

**14.)** Upon arriving at HSU on the same day of 9/12/20, Mr. Hinn was again seen by Defendant's Fitzpatrick and Dr. Ribault, Mr. Hinn informed these two defendant's of the extreme pain that he was in and that the cream that was given to him by them to place on this spider

bite, that it immediately caused him pain, and was the cause of his arm to began to swell the size it was at the time, and the infection that was developing and getting worse. Defendant Dr. Ribault stated to Mr. Hinn that he doesn't **think** that it's infected.

**15.)** Plaintiff asserts that at this time his arm was three times the normal size, in which Plaintiff had a huge hole in his arm were one can fit there pinky finger up to the second knuckle in said hole.

**16.)** Plaintiff informed Dr. Ribault that he could not sleep at night from the extreme pain he was experiancing, that he felt sick, with a fever and could barely move his arm, that the puss that was leaking out of his arm, and the cream that he was provided for his arm was really burning and was not working at all. Defendant Dr. Ribault stated to keep usen the cream and Dr. Ribault then prescribed Plaintiff with **Prendisone** with a 7 days supply. both defendant's informed Mr. Hinn that this would help with and heal the infection, and also take the pain away. To also continue with the **Hydrocortisone cream (Order # 745215485).**

**17.)** Plaintiff upon leaving HSU on 9/12/20, and arriving back to the Housing Unit 4, both CO. Jahnke and Unit Manager McMartin both noticed Mr. Hinn's arm upon entering the unit and both stated that his arm looks infected and really terrible. Mr. Hinn stated to them the pain that he is experiancing and that he is feeling sick as well. They asked what did HSU do. Mr. Hinn stated really nothing Hinn tried to info -rm them that the cream that was provided was causing him a alot of pain, and made the bite of the spider worse. These two staff members just shooked there head like WOW !

**18.)** Some time after the 7 days that Dr. Ribault prescribed these medications to treat Mr. Hinn's spider bite, the infection that was already developing and setting in, the pain that he was forced to ind -ure for days now. Plaintiff could not sleep, was developing a fever, was throating up and his arm was still three times the normal size, was a deep color red, and was spreading further down his arm.

**19.)** In which time, he again showed Sgt. Lohman-Peterson, CO. Jahnke and these two staff members again contacted HSU to seen Mr. Hinn. Upon Plaintiff arriving at HSU, he was seen this time by HSU Manager Buchanon and Nurse Block. When they seen the huge hole that formed on the bite of the spider, they immediately began treating it, they had to

drain it, clean it. Which caused Mr. Hinn alot of pain for these staff now treating him had to do such with out any medication as they stated they needed to get all the puss out, cleaned and blood flow. then back the wound. HSU Manager Buchanon and Nurse Block then asked Mr. Hinn what was provided for antibiotic's ? Mr. Hinn stated : **None.** They asked who did you seen for treatment, Mr. Hinn stated: HSU Assistant Fitzpatrick and Dr. Ribault and they prescribed prendisone and a cream HSU Manager Buchanon then stated why ? That is not for infections that is a steroid.

20.) HSU Manager Buchanon and Nurse Block then stated that Plaintiff should file a inmate complaint, request for records and was given name of Mrs. Pafford for records by Nurse. Nurse April and Katie. In which Mr. Hinn was now able to recieve the appropriate medical treatment; I was told that one daily bandage treatment, and prescribed a antibio-tic on 9/18/20. Mr. Hinn also informed them of the arm being immobil-ity and it going numb with shooting pain. Was informed that was from the infection in not being treated properly. That the medications that defendant's prescribed was the wrong medications, That Mr. Hinn can now experience permanant damage to his arm from the infection.

21.) Mr. Hinn did not received the antibiotic medication's as he was suppose to be getting, on 9/18/20, the 9/20-21/20. Mr. Hinn had to have his family contact CCI HSU staff and complain about the inadequa-te medical treatment and care that was being provided to Mr. Hinn. I it's when, Mr. Hinn then recieved a dosega of antibiotic on 9/22/20. After Nurse Block was informed that Mr. Hinn was not recieving the Antibiotic medication. Yet, Mr. Hinn since all this was still in ext-reme pain the infection was getting worse and worse.

22.) Now June 26, 2021, Mr. Hinn is still experiencing pain in his arm, it goes numb and doctors say this can be a permanent damage that was caused by the infection that spread through Plaintiff's arm.

23.) These two defendant's deliberately caused this pain, this infe-ction towards Mr. Hinn's arm by not providing the proper medical tre-atment, by prescribing the wrong medication's. Even after Plaintiff attempted to informed Defendant Dr. Ribault that the cream was causing alot of pain, and was burning. This Doctor Ribault stated to continue the cream, then prescribed a medication that not only did not treat infection was a medication not used for such. A medication that is a

-6-

steroid. Not used for antibiotic's, infection treatment. These two defendant's deliberately with ill-intent provided the wrong medical treatment and care. Because of these two defendant's actions, Plaintiff may have now permanent damage towards his arm and would must lik-ely experiance this pain, numbness within his entire arm because of the neglegection in treating Mr. Hinn's spider bite.

## VII. LEGAL CLAIM(S).

24.) Plaintiff realleges and incorporates by reference paragraphs 9-23. Herein as stated fully;

25.) The Defendant's violated Mr. Hinn's right under the **Eighth Amendment** when they showed deliberate indifference to his medical needs when he is asking for treatment and help, when he is in extreme pain, when his arm is three times the normal size, and it's clear that a infection was developing and spreading. When Mr. Hinn could not sleep, developed a fever, throwing up, and there is a hole in his arm deep as the second knuckle of a pinky finger, with puss leaking from the wound.

26.) Still the defendant's chose to provide the wrong medical treatment, prescribing the wrong medication(s) to treat such infection and causing and or possibily causing permanant damage to his arm.

27.) Mr. Hinn has suffered severe pain throughout these couple of weeks, and is still experiancing pain, with numbness to his entire arm because of the defendant's lack, and neglegent medical treatment in allowing Mr. Hinn's arm to get worse with infection, and it spread throughout his arm. Even after, numerous staff attepmted to get these two defendant's to properly treat Plaintiff. But these two defendant's still did not act within the color of state and or federal law.

28.) Mr. Hinn asserts that a Wisconsin State Prisoner Constitutional Rights were violated by the Standards of the **Eighth Amendment** of the **U.S.C.A. § 1983.** An Inmate is entitled to federal jurisdiction once he or she has been deprived of a constitutional right to medical care. Meaning, that the **Eighth Amendment** is violated "only" when prison officials are deliberately indifferent to an inmates health and or

safety. So, Mr. Hinn asserts that to infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far a field of accepted professional standards as to raise the infere-nce that it was not actually based on a medical judgment. Mr. Hinn states this is exactly what these two defendant's had done, they prov-ided and prescribed the wrong medical treatment, and medication's. One that said decision is not a accepted professional standards and field of practicing medicine. When HSU Manager Buchanon and Nurse Block specifically stated that the medication prescribed **'Prendisone'** is not used for **'Antibiotic's'** and or **'Infection(s)'**. That was the wr-ong medication.

29.) Mr. Hinn further states that his understanding of the **Eighth Amendment** deliberate indifference requires that prison officials be aware of facts from which the inference could be drawn that a substa-ntial risk of serious harm exist and actually draw the inference on such. Deliberate indifference in the **denial or delay of medical care** can be shown by the defendant's **actual intent or reckless disregard.** Mr. Hinn enclosing states, that these defendant's was aware as they are trained, educated in the field of medicine, and when Plaintiff informed them that the cream that was provided was causing alot of pain, was making it swell up, and may had caused the infection. Both defendant's states continue use of the cream and then prescribed ano-ther medication that is not used for infection's, but is a steriod. Mr. Hinn believes that he has provided enough to determine that these two defendant's violated his **Eighth Amendment rights**; We believe so?

30.) Mr. Hinn has no plain, adequate or complete remedy at law to redress the wrong described herein. Mr. Hinn has been denied, wrongfu-lly treated by these two defendant's and so he is asking this Court to grant this complaint and compensation and punitive relief which plaintiff seeks for the deliberate indifference of the defendant's actions.

## VIII.   PRAYER FOR RELIEF.

**WHEREFORE,** The Plaintiff, Mr. Hinn demands and prays, that this Honorable Court grant him leave to proceed in this actions and award the following relief :

31.) That a declaration that the acts and omission described herein violated Plaintiff's rights under the Constitution and laws of the United States and Wisconsin.

32.) That an award of Two Hundred And Fifty Thousand ($250,000.00) dollars to represent the **Eighth Amendment** of Cruel and Unusual / deliberate indifference violations against each and every defendant named herein in this complaint individually, at a **(Sum certain)**, and,

33.) That an award of One Hundred Thousand ($100,000.00) dollars for punitive damages for knowingly violating Plaintiff's rights to adequate, correct medical care and treatment, for deliberately providing the wrong medication(s). That was needed to assure that the infection did not spread, and cause any permanant damage, like it did. This award should be on each defendant individually at a **(Sum Certain)**.

34.) A Jury Trial on the issue triable by a jury trial.

35.) That Mr. Hinn's cost in this civil rights complaint be paid.

36.) That any other additional relief this Honorable Court deems appropriate, just, proper, and equitable.

Date Executed at Green Bay, Wisconsin This 26 day of June, 2021.

GREEN BAY.CORR.INST.
P.O. BOX. 19033.
GREEN BAY, WI. 54307-9033.

Respectfully Submitted By :

/s/ _____

Raymond J. Hinn
(# 455577),

Cc: Filed.

**Pro se, Plaintiff.**

### VERIFICATION.

I, Raymond J. Hinn, (# 455577), Do hereby declare that I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Green Bay, Wisconsin on 26th June, 2021.

/s/ _____
Raymond J. Hinn.