IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND J. HINN,

                Plaintiff,

    v.                                              OPINION and ORDER

HSU ASSISTANT MANAGER FITZPATRICK and                21-cv-433-jdp
DOCTOR RIBAULT,

                Defendants.

---

Pro se plaintiff Raymond J. Hinn is an inmate at Green Bay Correctional Institution. He alleges that when he was incarcerated at Columbia Correctional Institution, health staff improperly treated an infected spider bite. He has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Hinn's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Hinn's allegations may support medical malpractice claims but they do not state claims under the United States Constitution. I will dismiss the case because Hinn fails to state a claim that can be heard by this federal court.

ALLEGATIONS OF FACT

I draw the following allegations from Hinn's complaint. Dkt. 1. On September 9, 2020, Hinn's right elbow became red, swollen, itchy, and painful. He thought he had been bitten by a spider. Hinn went to health services and was seen by defendant assistant manager Fitzpatrick. Hinn told Fitzpatrick that Hinn was in pain, thought the bite was infected, and needed antibiotics. Fitzpatrick said that the bite looked "irritated." He and defendant doctor Ribault prescribed hydrocortisone cream for three days and Benadryl for one day.

Hinn received his prescriptions on September 11 and followed Fitzpatrick's and Ribault's instructions. The hydrocortisone cream made Hinn's spider bite burn and didn't reduce the swelling. Hinn's pain was so bad that he could not sleep or eat. His arm swelled to "three times the normal size."

The next day, a unit sergeant noticed Hinn's swollen arm and called health services. Hinn went to health services and saw Fitzpatrick and Ribault again. Hinn told them that he was in extreme pain, the hydrocortisone cream hurt, and that he had an infection that was getting worse. He also said that he couldn't sleep at night, felt sick, had a fever, could barely move his arm, and pus was leaking out of his wound. Hinn's arm had a "huge hole" large enough fit a "pinky finger up to the second knuckle."

Ribault said that he did not think the bite was infected. Ribault and Fitzpatrick prescribed a seven-day course of prednisone and told Hinn to continue with the hydrocortisone cream. They told him that the prednisone would "help with and heal the infection, and also take the pain away."

Hinn completed seven days of prednisone, but his symptoms did not improve. His arm was still swollen and turned a "deep color red" that was spreading further down his arm.

2

Correctional staff contacted health services again. Hinn saw non-defendants health services manager Buchanan and nurse Block, who cleaned and drained the wound. They were surprised that Hinn had not been prescribed antibiotics, advised him to file an inmate complaint, and told Hinn that prednisone does not treat infections. Hinn filed a complaint and was called back to health services on September 18. Two nurses gave Hinn bandages and prescribed him antibiotics. By that time, Hinn's arm had lost mobility and was "going numb with shooting pain."

Hinn did not get his antibiotics for several days. Meanwhile, his pain persisted, and his infection got worse. He received antibiotics on September 22nd after he asked his family to contact the prison. Nine months later, Hinn still had pain and numbness in his arm. Doctors have told him that the damage was caused by his improperly treated infection and might be permanent.

ANALYSIS

Hinn contends that Fitzpatrick and Ribault denied him adequate medical care for his infected spider bite in violation of the Eighth Amendment and Wisconsin's negligence or medical malpractice law.

The Eighth Amendment prohibits prison officials from consciously ignoring an excessive risk posed by a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A prisoner states an Eighth Amendment claim based on deficient medical care by alleging that (1) he has an objectively serious medical condition; and (2) defendants acted with conscious disregard to that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).

The first element, an objectively serious medical condition, is one that a doctor recognizes as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014). Hinn has alleged a sufficiently serious medical condition: a spider bite accompanied by severe pain, swelling, a skin wound leaking fluid, a fever, and other symptoms. *See Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

The second element, conscious disregard, relates to the medical provider's subjective state of mind. *Arnett*, 658 F.3d at 750. A plaintiff must allege that provider knew of and disregarded a substantial risk of harm. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). When a prisoner alleges that he received some treatment for his medical condition, but that the treatment was inadequate, the core question is whether the provider's actions were "such a substantial departure from accepted professional judgment, practice, or standard, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996). Inadvertent error, negligence, gross negligence, and ordinary malpractice are not sufficient to violate the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Hinn alleges that defendants negligently treated Hinn's spider bite, but not that they acted with conscious disregard to Hinn's medical needs. The first time that defendants saw Hinn at health services, they treated him with hydrocortisone and Benadryl. When Hinn returned to health services several days later with a leaking wound, pain, swelling, and a fever, defendants examined him, concluded that his bite was not infected, and prescribed him prednisone.

4

Defendants may have mistaken Hinn's infection for a bad reaction to a spider bite, but a misdiagnosis or mistake, as long as it reflects at least minimal medical judgment, does not violate the Eighth Amendment. *See Zackery v. Mesrobian*, 299 F. App'x 598, 601 (7th Cir. 2008). It is not enough that Hinn disagreed with defendants' conclusions about the appropriate diagnosis or treatment, *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006), and defendants had no obligation to accept Hinn's self-diagnosis of an infection. In other words, Hinn's dissatisfaction with defendants' treatment course—even if that treatment course was negligent—does not establish an Eighth Amendment violation. *Id*. Similarly, just because the nurses who treated Hinn after his prednisone course reached a different conclusion about whether he had an infection, it does not mean that defendants' medical care rose to the level of a constitutional violation. *Pyles*, 771 F.3d at 409.

In sum, Hinn's allegations suggest that the defendants made a mistake by not treating him for an infection, but Hinn has not shown that defendants' treatment was so far afield of accepted professional standards that it was not based on medical judgment. Hinn has not stated a claim under the Eighth Amendment.

Hinn's allegations may support a Wisconsin medical malpractice claim, which like negligence, requires a plaintiff to allege that defendants breached their duty of care to him and that he suffered injury as a result. *Paul v. Skemp,* 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. But a federal court may not hear cases involving only state-law claims unless a plaintiff can establish diversity jurisdiction. Diversity jurisdiction exists when: (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. 28 U.S.C. § 1332. Hinn does not allege that he and the defendants are citizens of different states and

nothing in the complaint suggests that they are. Because the only viable claim that Hinn has stated is not one that this court can consider, I will dismiss the case for lack of jurisdiction.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to enter judgment for defendant and close the case.

Entered April 8, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge